| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Michael E. Mahurin, Esq.**<br>**4206 Van Buren Place, #3**<br>**Culver City, CA 90232**<br>**310.384.6974 Fax: 310.531.7382**<br>California State Bar Number: **181401**<br>**mmahurin@theivyfirm.com**<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* **Debtors** | **FILED & ENTERED**<br><br>**FEB 17 2015**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY Pgarcia    DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>**Jesse Castellanos**<br>**Sara Castellanos**<br><br>Debtor(s). | CASE NO.: **1:14-bk-12349-VK**<br>CHAPTER: **13**<br><br>ORDER ☒ GRANTING ☐ DENYING<br>**MOTION TO AVOID JUNIOR LIEN**<br>**ON PRINCIPAL RESIDENCE**<br>**[11 U.S.C. § 506(d)]**<br><br>DATE:  **1/13/2015**<br>TIME:  **09:00 a.m.**<br>COURTROOM: **301**<br>PLACE:  **2104 Burbank Boulevard,**<br>            **Woodland Hills, CA 91367** |
|---|---|

**Creditor Holding Junior Lien** (name): **BANK OF AMERICA, N.A.**

1. The Motion was: ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

2. The Motion affects the junior trust deed(s), mortgage(s), or other lien(s) encumbering the following real property (Subject Property), which is the principal residence of Debtor:
   *Street Address:* **12411 Osborne Street**
   *Unit Number:* **74**
   *City, State, Zip Code:* **Pacoima, California 01331**

   Legal description or document recording number (including county of recording):

   ☒ See attached page.

3. The Subject Property is subject to the following deed(s) of trust, mortgage(s) or other lien(s) in the amounts specified securing the debt against the Subject Property, which will be treated as indicated:

   a. Holder of 1st lien *(name)* **Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP**  in the amount of $ **252,500.00**  .

---

b. Holder of 2nd lien *(name)* **Bank of America, N.A.** in the amount of $**31,504.00**
☒ is ☐ is not to be avoided;

c. _____ in the amount of $_____
☐ is ☐ is not to be avoided;

☐ See attached page for any additional encumbrance(s).

4. The motion is:

a. ☐ DENIED    ☐ with    ☐ without  prejudice, on the following grounds:

   (1) ☐ Based upon the findings and conclusions made on the record at the hearing
   (2) ☐ Unexcused non-appearance by Movant
   (3) ☐ Lack of proper service
   (4) ☐ Lack of evidence supporting motion
   (5) ☐ Other (specify):

b. ☒ GRANTED on the following terms:

   (1) The Subject Property is valued at no more than *(determined value)* $ **215,000.00** based on adequate evidence.

   (2) This avoidance of the respondent's junior lien is effective upon: ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge in this case.

   (3) Before the discharge, no payments are to be made on the secured claim of the junior lienholder; maintenance payments are not to be made.

   (4) The claim of the junior lienholder is to be treated as an unsecured claim and is to be paid through the plan pro rata with all other unsecured claims.

   (5) The junior lienholder's claim on the deed of trust, mortgage or lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim. The junior lienholder is not required to, but may file an amended Proof of Claim listing its claim as an unsecured claim to be paid in accordance with the Debtor's chapter 13 plan. If an amended claim is not filed, the Trustee may treat any claim on the debt (secured or unsecured) filed by the junior lienholder as unsecured upon entry of this order

   (6) The avoidance of the junior lienholder's deed of trust, mortgage or lien is contingent upon: ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge.

   (7) The junior lienholder shall retain its lien in the junior position for the full amount due under the corresponding note and deed of trust, mortgage or lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the Bankruptcy Code, or if the Subject Property is sold or refinanced prior to the Debtor's ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge.

   (8) In the event that the holder of the first deed of trust or any senior lien on the Subject Property forecloses on its interest and extinguishes the junior lienholder's lien rights prior to the Debtor's ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge, the junior lienholder's lien shall attach to the proceeds greater than necessary to pay the senior lien, if any, from the foreclosure sale.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*Devember 2013*    Page 2    **F 4003-2.4.JR.LIEN.ORDER**

(9) ☐ See attached continuation page for additional provisions.

###

Date: February 17, 2015

*Victoria S. Kaufman*
United States Bankruptcy Judge

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*Devember 2013*                Page 3                **F 4003-2.4.JR.LIEN.ORDER**



This page is part of your document - DO NOT DISCARD



**20072282991**  Pages: 004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

10/04/07 AT 08:00AM

Fee: 37.00
Tax: 0.00
Other: 0.00
Total: 37.00

Title Company

TITLE(S) :  **DEED**



L E A D    S H E E T

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.    Number of AIN's Shown

THIS FORM IS NOT TO BE DUPLICATED



RECORDING REQUESTED BY:
United General Title Company

AND WHEN RECORDED MAIL TO:

Jesse Castellanos and Sara Gonzalez
12411 Osborne Street, # 74
Los Angeles, CA 91331

10/04/07



20072282991

THIS SPACE FOR RECORDER'S USE ONLY:

Title Order No.: 336651                                                                 Escrow No.: 01-002935-AM

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $NONE**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area    [X] City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Jesse Castellanos who acquired title as Jesus C. Manzo**

hereby GRANT(s) to:

**Jesse Castellanos and Sara Gonzalez, Husband and Wife as Community Property with Right of Survivorship**

the real property in the City of Los Angeles, County of Los Angeles, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as: 12411 Osborne Street, # 74, Los Angeles, CA 91331
AP#: 2536-017-026

"This is a bonafide gift and the grantor received nothing in return, R & T 11911."

DATED September 13, 2007
STATE OF CALIFORNIA
COUNTY OF Los Angeles
On 9/25/07
Before me, Carlos R. Bermudez
A Notary Public in and for said State, personally appeared
Jesse Castellanos

Jesse Castellanos

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

CARLOS R. BERMUDEZ
Commission # 1476120
Notary Public - California
Los Angeles County
My Comm. Expires Mar 12, 2008

Signature
(This area for official notarial seal)
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

Order Number: 6001-336651 (01)
Page Number: 6

## EXHIBIT A

### LEGAL DESCRIPTION

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

A CONDOMINIUM COMPRISED OF:

PARCEL 1:

A) AN UNDIVIDED 1/90 INTEREST IN AND TO LOT 2, OF TRACT NO. 43464, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1073 PAGES 82 THROUGH 86 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THAT PORTION OF LOT 2 OF TRACT NO. 43464 DESCRIBED IN THAT CERTAIN "COVENANT AND AGREEMENT TO HOLD AS ONE PARCEL" RECORDED JANUARY 2, 1987 AS INSTRUMENT NO. 87-3642 OF OFFICIAL RECORDS, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST EASTERLY CORNER OF SAID LOT 2; THENCE ALONG THE NORTHEASTERLY LINE OF SAID TRACT NORTH 41° 18' 40" WEST 73.75 FEET; THENCE LEAVING LAST SAID LINE SOUTH 41° 09' 00" WEST 206.23 FEET; THENCE SOUTH 41° 18' 40" EAST 104.00 FEET TO A POINT IN THE SOUTHEASTERLY LINE OF SAID LOT 2; THENCE ALONG THE SOUTHEASTERLY AND EASTERLY LINES OF SAID LOT 2 NORTH 48° 41' 20" EAST 8.00 FEET TO THE BEGINNING OF A NON-TANGENT CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 75 FEET, A RADIAL TO SAID POINT BEARS NORTH 82° 03' 04" EAST; THENCE NORTHWESTERLY 3.592 FEET ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 26° 57' 34" TO A POINT, A RADIAL TO SAID POINT BEARS NORTH 55° 05' 30" EAST; THENCE CONTINUING ALONG SAID SOUTHEASTERLY LINE OF SAID LOT 2 NORTH 41° 09' 00" EAST 186.17 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM UNITS 51 THROUGH 140 INCLUSIVE AS DEFINED AND DELINEATED ON A CONDOMINIUM PLAN RECORDED AUGUST 26, 1988 AS INSTRUMENT NO. 88-129778 OF OFFICIAL RECORDS.

B) UNIT 74 AS DEFINED AND DELINEATED ON THE ABOVE REFERRED TO CONDOMINIUM PLAN.

PARCEL 2:

AN EXCLUSIVE EASEMENT, APPURTENANT TO PARCEL 1 ABOVE, FOR ALL USES AND PURPOSES OF A DECK "(FIRST FLOOR)", OVER AND ACROSS THAT PORTION OF LOT 2 OF SAID TRACT NO. 43464 DEFINED AND DELINEATED AS THE "EXCLUSIVE USE COMMON AREA" WHICH BEARS THE SAME NUMBER AS THE UNIT REFERRED TO IN PARCEL 1 ABOVE AND THE REFERENCE "D1" ON THE ABOVE REFERENCED CONDOMINIUM PLAN.

PARCEL 3:

AN EXCLUSIVE EASEMENT, APPURTENANT TO PARCEL 1 ABOVE, FOR ALL USES AND PURPOSES OF A DECK "(SECOND FLOOR)", OVER AND ACROSS THAT PORTION OF LOT 2 OF SAID TRACT NO. 43464 DEFINED AND DELINEATED AS THE "EXCLUSIVE USE COMMON AREA" WHICH BEARS THE SAME NUMBER AS THE UNIT REFERRED TO IN PARCEL 1 ABOVE AND THE REFERENCE "D2" ON THE ABOVE REFERENCED CONDOMINIUM PLAN.

*United General Title Insurance Company*

Branch :USN    User :1000

Order Number: 6001-336651 (01)
Page Number: 7

4

PARCEL 4:

AN EXCLUSIVE EASEMENT, APPURTENANT TO PARCEL 1 ABOVE, FOR ALL USES AND PURPOSES OF A "PATIO" OVER AND ACROSS THAT PORTION OF LOT 2 OF SAID TRACT NO. 43464 DEFINED AND DELINEATED AS THE "EXCLUSIVE USE COMMON AREA" WHICH BEARS THE SAME NUMBER AS THE UNIT REFERRED TO IN PARCEL 1 ABOVE AND THE LETTER "P" ON THE ABOVE REFERENCED CONDOMINIUM PLAN.

APN: 2536-017-026

07 2282991

United General Title Insurance Company

LOS ANGELES, CA  Document:D 2007.2282991

Printed on:6/5/2014 10:40 AM

Page:4 of 4